**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ARTHUR McGEE,

                        Plaintiff,

          - against -

NASSAU COUNTY, NEW YORK,

                        Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-1676 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Complaint in this action was originally filed on April 16, 2007. *See* DE 1. At the commencement of this case, Plaintiff was incarcerated in the Federal Corrections Institute known as Ray Brook. On May 16, 2007, Judge Seybert granted Plaintiff's motion to proceed *in forma pauperis*. *See* DE 6. Throughout 2007, the various named Defendants moved to dismiss the Complaint. *See* DE 14, 22, 27, 37. On December 12, 2007, this Court held a telephone status conference and granted a stay of discovery pending Judge Seybert's decision on the pending motions. *See* DE 59.

       On September 30, 2008, Judge Seybert granted Defendants' motions to dismiss. *See* DE 78. Judge Seybert deemed moot the motions to dismiss brought by Defendants MDC Brooklyn and Prison Health Services since Plaintiff had previously dismissed his claims against these Defendants. Judge Seybert gave Plaintiff until December 1, 2008 to file an Amended Complaint. *See* DE 78. Subsequently, Judge Seybert granted Plaintiff an extension whereby the Amended Complaint was due no later than February 27, 2009. *See* DE 81. However, on February 24, 2009, Plaintiff advised the Court that he had been moved to the Federal

Correctional Institute at Fort Dix and that he had not received any correspondence since November 2008. *See* DE 82. In response, Judge Seybert granted Plaintiff one final extension and directed that the Amended Complaint be filed by April 1, 2009. *See* DE 83. Plaintiff's Amended Complaint was filed on April 1, 2009. *See* DE 85.

In the Amended Complaint, the only named Defendant is Nassau County. On April 23, 2009, Defendant Nassau County requested that this Court issue a discovery schedule. *See* DE 88. In response, this Court directed that the parties participate in a telephone conference on November 18, 2009 to discuss all outstanding discovery. However, on October 16, 2009, Plaintiff advised the Court that he was to be released on November 3, 2009 to a half-way house and that he would be seeking the services of an attorney. The Court granted Plaintiff's motion to adjourn the November 18, 2009 conference and stated that a telephone conference would be set in December once Plaintiff provided the Court with an updated address and telephone number. *See* DE 91. On December 24, 2010, Plaintiff provided the Court with his new address, in Brooklyn, New York, and advised the Court that he was enrolled in a program at the half-way house until April 21, 2010. *See* DE 94. Accordingly, the Court scheduled an in-person conference for August 24, 2010 and directed Defendant to serve a copy of the Order on Plaintiff by overnight mail and first-class mail and to file proof of service on ECF. *See* DE 96. Service was effected on Plaintiff at his Brooklyn address and Defendant filed proof of service on ECF on August 2, 2010. *See* DE 97.

On August 17, 2010, due to a change in the Court's calendar, the August 24, 2010 conference was rescheduled for September 2, 2010 and Defendant was again directed to serve a copy of the Scheduling Order on Plaintiff. Defendant served Plaintiff with the Order and filed

proof of service on August 18, 2010. *See* DE 100. However, on August 24, 2010, Defendant's counsel advised the Court that he had received back from the U.S. Postal Service the express mail envelope marked "return to sender–attempted not known." *See* DE 101. A copy of the mailing label was attached to Defendant's letter. *See id.* On August 26, 2010, my Chambers also sent a copy of the Scheduling Order to the Plaintiff via regular mail.

Despite the above issues regarding service, Plaintiff appeared for the scheduled conference on September 2, 2010 . During this conference, the Court discussed with the parties what discovery was to take place before the next scheduled conference on November 9, 2010. These tasks included the preparation of a list of document demands, responses to document demands previously served, and a list of potential witnesses. *See* DE 102. Plaintiff also confirmed his present address for the record and submitted to the Court a document advising the Court of his new address in Wheatley Heights, New York. *See* DE 102, 105. Defendant's counsel served a copy of the September 2, 2010 Minute Order on Plaintiff at his new address in Wheatley Heights on September 3, 2010 and filed proof of service on ECF. *See* DE 103.

However, on November 9, 2010, the Plaintiff failed to appear for the previously scheduled conference. Attempts by my Chambers to contact Plaintiff at the phone number provided by him were unsuccessful. Further, Defendant's counsel advised at the conference that he had not spoken to Plaintiff and that Plaintiff had not served the required document demands as directed by the Court. Accordingly, I issued a separate Order To Show Cause giving Plaintiff one final opportunity to appear before this Court on November 30, 2010 at 2:00 p.m. and show cause why an Order should not be entered recommending to Judge Seybert that this action be dismissed for Plaintiff's failure to appear and comply with his discovery obligations. *See* DE

107. The Order stated specifically in bold point:

> **PLAINTIFF PRO SE ARTHUR McGEE IS SPECIFICALLY GIVEN FINAL NOTICE HERE THAT IF HE FAILS TO APPEAR IN PERSON AT THE NOVEMBER 30, 2010 SHOW CAUSE HEARING, AT 2:00 P.M., FOR ANY REASON, I WILL RECOMMEND TO DISTRICT JUDGE SEYBERT THAT THIS CASE BE DISMISSED FOR PLAINTIFF ARTHUR McGEE'S FAILURE TO PROSECUTE HIS CLAIMS AND TO COMPLY WITH THE ORDERS OF THIS COURT.**

*Id.* Defendant's counsel was directed to serve a copy of the Show Cause Order and accompanying Minute Order on Plaintiff by first-class mail and certified mail, return receipt requested, and to file proof of service on ECF. *Id.* On November 10, 2010, Defendant's counsel served Plaintiff with the Orders and filed an affidavit of service on ECF. *See* DE 108.

When the case was called for the Show Cause Hearing at 2 p.m. on November 3, 2010, initially there was no one in the Courtroom. Chamber's staff made a telephone call to Defendant's counsel and were advised that the attorney was running late but was coming to the Courthouse. The Plaintiff had not communicated with the Court by mail or by phone. The case was again called at approximately 4:15 p.m. At that time Defendant's counsel appeared.

However, Plaintiff had still not appeared or communicated with the Court. My Courtroom Deputy then attempted to reach Plaintiff by telephone but was unsuccessful and could only leave a voice-mail message. During the Show Cause Hearing, Defendant's counsel advised that he had not had any contact with Plaintiff since the prior conference. In addition, Defendant's counsel confirmed that service of the two prior Orders was made to Plaintiff at his Wheatley Heights address. Defendant's counsel had received back the return receipt confirming that the Orders were delivered and that an individual had signed for their receipt. Additionally,

4

Defendant's counsel further confirmed that the first-class mailings made by his office to Plaintiff were never returned as undeliverable.  Thus, under existing case law, delivery is presumed.

Given all of these circumstances, I have no alternative but to recommend to Judge Seybert that Plaintiff's case be dismissed based upon his repeated failure to comply with this Court's Orders as well as his failure to prosecute his claims.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995).  It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)). Here, Plaintiff has failed to appear at a mandatory status conference, a show cause hearing and has failed to comply with the other Court Orders cited above.  For all of these reasons, I respectfully recommend to Judge Seybert that Plaintiff's Amended Complaint should be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF, **except in the case of a party proceeding *pro se*.  *Pro se* Plaintiff Arthur McGee shall file any objections in writing with the Clerk of the Court within the prescribed time period noted above.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to my Chambers as well.  Any requests for an extension of time for filing objections must be**

**directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).**

Defendant's counsel is directed to serve a copy of this Report and Recommendation forthwith upon Plaintiff Pro Se by overnight mail and first class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
January 5, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge